UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luis Enrique Navarro Yanez (A-Number: A-243-095-543), | No.  2:26-cv-01106-KES-FJS (HC) |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | Doc. 1 |
| Warden, California City Correctional Center; Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; Pamela Jo Bondi, United States Attorney General, | |
| Respondents. | |

Petitioner Luis Enrique Navarro Yanez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 4.  Respondents "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."  Doc. 6 at 1.  While respondents oppose the petition, they do not raise any new arguments.  *See id.* at 1–2.[1]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner Luis Enrique Navarro Yanez (A-Number: A-243-095-543) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

///

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.  *See* Doc. 6 at 2.  But here immigration officials did previously apprehend petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger.  The issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*.  Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is also directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   April 2, 2026

_____
UNITED STATES DISTRICT JUDGE

3